UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ENVIROSOLIDS, LLC., a Michigan
Limited Liability Company,

    Plaintiff,                                    CASE NO. 12-10596
                                                    HON. LAWRENCE P. ZATKOFF

v.

S & J MANAGEMENT, INC., an Ohio Corporation,
SJGK, L.L.C., an Ohio Limited Liability Company,
RIVERHEAD ADVISORS, LTD., a foreign company,
EM PRODUCTIONS, L.L.C., a foreign company,
M&A TRADERS, a Missouri company, and
SKYLINE AVIATION, INC., a Texas corporation,

        Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on the 18th day of June, 2012

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

      This matter is before the Court on Defendants S & J Management, Inc. and SJGK, L.L.C.'s Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) [dkt. 2].[1]  The motion has been fully briefed.  The Court finds that the facts and legal arguments pertinent to the motion are adequately presented in the parties' papers, and the decision process will not be aided

---

[1] Because S & J Management, Inc. and SJGK, L.L.C. have brought this motion together, the Court will refer to the parties as "SJGK" for purposes of this Opinion and Order.

significantly by oral arguments. Therefore, pursuant to E.D. Mich. L. R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted by the parties. For the reasons that follow, Defendants' motion is DENIED.

## II.  BACKGROUND

The following facts are based on the allegations in Plaintiff's complaint, drawing all reasonable inferences in favor of Plaintiff:

Plaintiff, EnviroSolids, L.L.C., is a Michigan limited liability company located in Dearborn, Michigan, that stores and treats various liquids at its facility. Defendants are various entities that have either stored liquids at Plaintiff's facility or claim to have an ownership interest in liquids stored at Plaintiff's facility.

On September 15, 2010, Plaintiff and Defendant SJGK entered into a lease agreement ("Lease"), whereby SJGK would store used oil ("Oil") in Plaintiff's facility. The Lease provided that rent money shall be paid monthly from October 1, 2010 through September 30, 2013. The Lease further provided that, in the event of default, SJGK had the right to cure the default within 15 days. If SJGK failed to cure, Plaintiff had the right to remove and sell SJGK's Oil stored at Plaintiff's facility. Subsequently, SJGK ceased paying the monthly rent pursuant to the Lease. The non-payment resulted in a substantial amount of rent owed to Plaintiff.

On September 30, 2011, SJGK and Plaintiff entered into a settlement agreement ("Settlement Agreement"). In the Settlement Agreement, SJGK expressly acknowledged that it defaulted under the Lease, that Plaintiff had provided notice of the default, and that SJGK had failed to timely cure the default. SJGK also expressly acknowledged that, pursuant to the Lease, ownership of the Oil vested in Plaintiff. The Settlement Agreement further provided SJGK with

a new opportunity to cure the default by paying $454,801.22 to Plaintiff by October 4, 2011. SJGK failed to make this payment. Pursuant to the terms of the Lease and Settlement Agreement, Plaintiff sold sufficient amounts of the Oil to cover the rent amounts owed to Plaintiff under the Lease.

Thereafter, Plaintiff was contacted by numerous third parties claiming an interest in the balance of the remaining Oil. Specifically, Plaintiff was contacted by Riverhead Advisors, LTD ("Riverhead"), EM Production, L.L.C. ("EMP"), M&A Traders ("M&A"), and Skyline Aviation, Inc. ("Skyline"). Each claimed that it had a right to the Oil. In addition, it appears to the Court, based on a reading of the pleadings, that SJGK continues to claim an interest in the Oil now that all of the outstanding rent to Plaintiff has been paid pursuant to the Lease and Settlement Agreement. Because all of SJGK's outstanding rent has been paid, Plaintiff now claims it is disinterested in the remainder of the Oil. Fearing lawsuits from Riverhead, EMP, M&A, Skyline, and SJGK, Plaintiff filed an interpleader action on December 16, 2011 in the Wayne County Circuit Court to determine who has interests in the Oil. SJGK removed the matter to this Court, based upon diversity, and subsequently filed the instant Motion to Dismiss.

### III. LEGAL STANDARD

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of a plaintiff's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in the plaintiff's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315,

319 (6th Cir. 1999). A plaintiff must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 & n.3, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000). If, in deciding the motion, the Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(d).

## IV. ANALYSIS

SJGK brings this motion based on Plaintiff's failure to properly interplead. Specifically, SJGK contends that (1) Plaintiff cannot establish that it is or could be subject to multiple claims, (2) the Oil does not constitute a limited fund or proceeds and is not the proper object for interpleader, and (3) Plaintiff does not have control over the Oil. "Interpleader is an equitable proceeding that 'affords a party who (a) fears being exposed to the vexation of defending multiple claims to (b) a limited fund or property that is (c) under his control a procedure to settle

the controversy and satisfy his obligation in a single proceeding.'"[2] *United States v. High Tech. Prod., Inc.*, 497 F.3d 637, 641 (6th Cir. 2007) (quoting 7 Charles Alan Wright et al., *Federal Practice and Procedure* § 1704 (3d ed. 2001)). Interpleader is remedial in nature, and as such, must be liberally construed. *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 533 (1967).

A.  **Plaintiff Fears Defending Multiple Claims**

The primary test for determining whether interpleader is appropriate is to consider "whether the stakeholder legitimately fears multiple vexation directed against a single fund or property." *High Tech. Prod.*, 497 F.3d at 642. The first requirement for fear of double or multiple liability is satisfied simply where multiple claimants present competing claims for the same property. *Id.* A ruling on the respective merits of the adverse claims is inappropriate during this initial stage and should be deferred until the later stage of interpleader. Wright et al., *supra*, § 1704.

In this case, Plaintiff has received notice from Riverhead, EMP, M&A, and Skyline that each individual company claims an interest in and intends to commence removal of the remainder of the Oil stored in Plaintiff's facility. *See* Compl. at ¶¶ 17–20. Plaintiff's allegations in its Complaint are supported by Skyline and Riverhead's responsive pleadings. *See* Skyline Answer at ¶ 4; Riverhead Answer at ¶ 17. In addition to Skyline's and Riverhead's claims, SJGK also asserts an interest in the Oil. The Court, therefore, finds that at least two parties have made claims to the Oil.

---

[2] Interpleader may be invoked in the federal courts via Rule 22 or via the Interpleader Act, 28 U.S.C. § 1335. In this case, Plaintiff originally filed in state court, invoking Mich. Ct. R. 3.603 for interpleader. This Court, however, will construe Plaintiff's reliance on the state court interpleader rule under the federal interpleader rule, Fed. R. Civ. P. 22, which is essentially the federal counterpart to Mich. Ct. R. 3.603.

**B.     Oil Appropriate Property for Interpleader**

Although interpleader is typically used for insurance obligations, it may be appropriate for any type of property or even property interest. *See, e.g.*, *High Tech. Prod.*, 497 F.3d at 637 (interpleader for possession of non-radioactive isotopes); *Humble Oil & Ref. Co. v. Copeland*, 398 F.2d 364 (4th Cir. 1968) (interpleader for oil royalties); *Kitzer v. Phalen Park State Bank of St. Paul*, 379 F.2d 650 (8th Cir. 1967) (interpleader for stocks); *Oxy USA Inc. v. Panhandle E. Pipe Line Co.*, 771 F. Supp. 337 (D. Kan. 1991) (processing rights for natural gas). The Oil at stake here is thus an appropriate property to interplead.

**C.     Plaintiff Has Control of the Oil**

With respect to whether the Oil is under Plaintiff's control, the parties do not dispute that it is being stored in Plaintiff's facility. It is also undisputed that Plaintiff maintains full control over its facility. Even the Lease, which SJGK has breached, only granted SJGK limited permission to access Plaintiff's premises under certain conditions set forth in it. Compl. Ex. 1, at 1–2. When SJGK purportedly defaulted on the Lease and Settlement Agreement, permission to access Plaintiff's premises was terminated. Plaintiff, thus, maintains full control over its facility and the Oil. As such, drawing all inferences in favor of Plaintiff, sufficient factual allegations have been pled to invoke interpleader. Defendants S & J Management, Inc. and SJGK, L.L.C.'s Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) is denied.

## V. CONCLUSION

Accordingly, and for the reasons set forth above, IT IS HEREBY ORDERED that Defendants S & J Management, Inc. and SJGK, L.L.C.'s Motion to Dismiss [dkt 2] is DENIED.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: June 18, 2012