## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ENVIROSOLIDS, LLC, a Michigan
Limited Liability Company,

       Interpleader Plaintiff,                     CASE NO. 12-10596
                                           HON. LAWRENCE P. ZATKOFF

v.

S & J MANAGEMENT, INC., an Ohio Corporation,
SJGK, LLC, an Ohio Limited Liability Company,
RIVERHEAD ADVISORS, LTD., a foreign company,
EM PRODUCTIONS, L.L.C., a foreign company,
M&A TRADERS, a Missouri company, and
SKYLINE AVIATION, INC., a Texas corporation,

       Interpleader Defendants.
_____/

SKYLINE AVIATION, INC., a Texas Corporation,

       Counter/Cross/Third-Party Plaintiff,

v.

S & J MANAGEMENT, INC., an Ohio Corporation,
SJGK, LLC, an Ohio Limited Liability Company,
ENVIROSOLIDS, LLC, a Michigan Limited Liability
Company, KEN GRANT, an individual, THOMAS
ABRAHAM, an individual, and LAWRENCE BURT
PIERCE, an individual,

       Cross/Third-Party Defendants.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on February 28, 2014

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Defendants S & J Management, Inc., SJGK, LLC, Ken Grant and Tom Abraham's Motion for Summary Judgment regarding the claims of Defendant Riverhead Advisors LTD [dkt 60], Defendants S & J Management, Inc., SJGK, LLC, Ken Grant and Tom Abraham's Motion for Summary Judgment regarding the claims of Plaintiff EnviroSolids, LLC [dkt 61], Defendants S & J Management, Inc., SJGK, LLC, Ken Grant and Tom Abraham's Motion for Summary Judgment regarding Defendant Skyline Aviation, Inc.'s Cross-Claim [dkt 63], Defendant Riverhead Advisors LTD's Motion for Summary Judgment [dkt 64], and Defendants S & J Management, Inc., SJGK, LLC, Ken Grant and Tom Abraham's Motion to Release Stored Oil [dkt 75].  The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument.  Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted.  For the following reasons, Defendants S & J Management, Inc., SJGK, LLC, Ken Grant and Tom Abraham's motions [dkts. 60, 61, 63, 75] are DENIED and Defendant Riverhead Advisors LTD's motion [dkt 64] is DENIED.

## II. BACKGROUND

**A. FACTUAL BACKGROUND**

Plaintiff EnviroSolids, LLC ("Plaintiff) and Defendant SJGK, LLC ("Defendant SJGK") entered into a lease agreement on September 15, 2010, (the "Lease") whereby Defendant SJGK stored used oil at Plaintiff's facility.  The Lease, among other things, provided that rent "shall be paid monthly" from October 1, 2010 through September 30, 2013; that Defendant SJGK had certain rights of ingress and egress on Plaintiff's property; that, in the event of default, Defendant SJGK had the right to cure the default within 15 days; and that Defendant SJGK's failure to cure the default within 15 days allowed Plaintiff to "remove and sell all materials in [the] leased tanks."

2

On September 1, 2011, Plaintiff sent correspondence to Defendant SJGK noting its (Defendant SJGK's) default under the terms of the Lease. There is no dispute that Defendant SJGK ceased tendering rent payments. Based on the "substantial arrearage," Plaintiff and Defendant SJGK entered into a settlement agreement on September 30, 2011 (the "Settlement Agreement"). The terms of the Settlement Agreement exemplified Defendant SJGK's default of the Lease, that Plaintiff afforded Defendant SJGK notice of the default, and that Defendant SJGK failed to cure the default. The Settlement Agreement also noted that, "pursuant to the terms of the Lease," Plaintiff "became the owner of the contents of the tanks upon Default of [Defendant SJGK] and failure of [Defendant SJGK] to cure the Default." Under the Settlement Agreement, Defendant SJGK was provided a new opportunity to cure the Lease default by paying $454,801.22 to Plaintiff on or before October 4, 2011. Because Defendant SJGK failed to make that payment, Plaintiff sold "sufficient amounts" of the oil to cover both the current and future amounts owed under the Lease.

At some point, Plaintiff was contacted by various third-parties—Defendant Riverhead Advisors, LTD ("Defendant Riverhead"), Defendant EM Production LLC ("Defendant EM"), Defendant M&A Traders ("Defendant Traders"),[1] and Defendant Skyline Aviation, Inc. ("Defendant Skyline")—claiming an interest in the oil.

**B. PROCEDURAL HISTORY**

Plaintiff filed an interpleader complaint[2] on December 16, 2011, in Wayne County Circuit Court. On February 10, 2012, Defendants SJGK and S & J Management, Inc., (S & J) removed the action to this Court.

---

[1] Neither Defendant EM nor Defendant Traders have appeared in this case. It is unclear whether or not Plaintiff served them with a copy of the complaint. As part of this Opinion the Court will require Plaintiff to provide proof of service of the complaint on Defendants EM and Traders.
[2] The following parties are named as Interpleader Defendants: Riverhead; EM; Traders; Skyline; SJGK; and S & J Management, Inc.

On February 23, 2012, Defendants SJGK and S & J filed a motion to dismiss Plaintiff's complaint based on Plaintiff's alleged failure to properly interplead.  On June 18, 2012, the Court denied Defendants SJGK and S & J's motion, finding sufficient factual allegations had been pled to warrant invocation of interpleader.

There are four summary judgment motions and a motion to release the stored oil presently pending before the Court.  An analysis of each will be discussed below.[3]

### III. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[T]he plain language of Rule 56[] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").  A party must support its assertions by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  "The court need consider only the cited materials, but it may consider other materials in the record."  Fed. R. Civ. P. 56(c)(3).

The moving party bears the initial burden of demonstrating the absence of any genuine dispute as to a material fact, and all inferences should be made in favor of the nonmoving party.  *Celotex*, 477 U.S. at 323.  The moving party discharges its burden by "'showing'–that is, pointing out to the district court–

---

[3] For the remainder of this Opinion, the Court will refer to Defendants SJGK, S & J, Thomas Abraham and Ken Grant as "SJGK Defendants."  Abraham and Grant are principals of SJGK and are third-party Defendants in this case.

4

that there is an absence of evidence to support the nonmoving party's case." *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citing *Celotex*, 477 U.S. at 325)).

Once the moving party has met its initial burden, the burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[T]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## IV. ANALYSIS

### A. SJGK DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT SKYLINE'S CROSS-CLAIMS

Defendant/Cross-Claimant/Third-Party Plaintiff Skyline filed a Cross-Claim/Third-Party Complaint against SJGK Defendants/Cross-Claimants/Third-Party Defendants asserting contractual and tort claims. *See* Dkt. #'s 11, 29. SJGK Defendants seek summary judgment on those claims. *See* Dkt. # 63. Before the Court could adjudicate SJGK Defendants' instant motion, the parties (*i.e.*, SJGK Defendants and Defendant Skyline) entered into a consent order dismissing all of Defendant Skyline's cross/third-party claims against SJGK Defendants. *See* Dkt. # 74. Also, as an integral condition of that consent order, Defendant Skyline "relinquish[ed] and abandon[ed] all claims, right, title or interest to the stored oil which comprises the *res* interplead in this litigation by Plaintiff." Therefore, based on the executed consent order, the Court will deny SJGK Defendants' motion [dkt 63] as moot.

### B. SJGK DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING THE CLAIMS OF DEFENDANT RIVERHEAD

SJGK Defendants argue there are no genuine issues of material fact (1) that Defendant Riverhead has not filed a "claim" against SJGK Defendants in this litigation and (2) even if Defendant Riverhead

5

had pursued such a claim, the parties' (*i.e.*, SJGK Defendants and Defendant Riverhead) arbitration agreement would govern that dispute. These circumstances, the argument goes, constitute grounds for dismissing Defendant Riverhead as a party to this suit. The Court finds SJGK Defendants' theory is entirely misguided.

First, SJGK Defendants provide no authority for its argument that Defendant Riverhead was required to file a cross-claim against them to remain a participating party at this posture in the litigation. *See* SJGK's Motion for Summary Judgment, Dkt. # 60, p. 11 ("Without a pleading stating its allegations and specific cause(s) of action against [Plaintiff] *or* the parties with whom [Defendant] Riverhead transacted business with respect to the used oil [*i.e.*, SJGK Defendants] . . . , Riverhead should be dismissed as a party to this action."). And, contrary to SJGK Defendants' assertions otherwise, Defendant Riverhead *did* in fact file a responsive *pleading*[4]—*i.e.*, an answer—to Plaintiff's interpleader complaint wherein Defendant Riverhead puts all parties on fair notice of its alleged entitlement to relief. Specifically, Defendant Riverhead alleges that it received title to at least a portion of the oil via contractual transfer from SJGK Defendants. The Court can determine no reason why Defendant Riverhead would be foreclosed from claiming its stake in ownership over the disputed oil.

Second, SJGK Defendants' argument that Defendant Riverhead's potential cross-claims would have been subjected to the parties' arbitration agreement—while even if true—is irrelevant. It appears SJGK Defendants are arguing that, because Defendant Riverhead's unfiled cross-claims would be governed by the parties' arbitration agreement, Defendant Riverhead must be dismissed from the instant case. Yet, Defendant Riverhead elected *not* to file such cross-claims here. SJGK Defendants' hypothetical argument is confusing and, in any event, certainly does not mandate dismissal of Defendant

---

[4] The Court instructs SJGK Defendants to review Fed. R. Civ. P. 7(a)(2) for clarification as to what documents are considered "pleadings."

Riverhead.  For these reasons, the Court will deny SJGK's instant motion regarding the claims of Defendant Riverhead [dkt 60].

## C. SJGK DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING THE CLAIMS OF PLAINTIFF

SJGK Defendants seek summary judgment on Plaintiff's interpleader complaint based on two grounds: (1) Plaintiff failed to properly invoke interpleader; and (2) Defendants Riverhead and Skyline have not requested—or are not entitled to—specific performance (*i.e.*, possession of the oil).

"Interpleader is an equitable proceeding that affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding." *United States v. High Tech. Prods., Inc.*, 497 F.3d 637, 641 (6th Cir. 2007) (citations and quotation marks omitted).  An interpleader action is bifurcated into two stages: first, the court determines whether the stakeholder has properly invoked interpleader, including whether the court has jurisdiction over the suit, whether the stakeholder is actually threatened with double or multiple liability, and whether any equitable concerns prevent the use of interpleader; and second, the court then determines the respective rights of the claimants to the fund or property at stake through normal litigation processes.  *Id.* (citation omitted).

To the extent that SJGK Defendants' instant motion impliedly raises some of the same arguments contained in their previously-denied motion to dismiss, such arguments are again rejected.  In its June 18, 2012, Opinion and Order, the Court concluded that Plaintiff properly filed an interpleader action.  SJGK Defendants' thinly-veiled attempt to have this Court reconsider its prior Opinion is not well-taken and, importantly, is well outside the time period in which the Opinion could be reconsidered.  *See* E.D. Mich. L.R. 7.1(h).

SJGK Defendants freshly argue that equitable concerns prevent Plaintiff's use of interpleader. According to SJGK Defendants, Plaintiff cannot stand before the Court with "clean hands" because, prior

to filing this action, Plaintiff "helped itself to several hundred thousand dollars worth of the stored oil" to satisfy outstanding and future rents owed by SJGK Defendants. And, when it sold that portion of the oil, Plaintiff was allegedly aware that Defendants Skyline and Riverhead were in "disputed" transactions with SJGK Defendants. The Court fails to see, however, how Plaintiff's actions are in bad faith. The express provisions of the Lease afforded Plaintiff the right to "remove and sell all materials in [the] leased tanks" should SJGK Defendants default and fail to cure such default. SJGK Defendants had two opportunities to cure their default—pursuant to the Lease *and* Settlement Agreement—yet failed to do so. Plaintiff was certainly within its right to "help itself" to the oil and sell an amount sufficient to cover the unpaid rent. The fact that Plaintiff allegedly knew of other third-parties who had potential, yet subsequently-acquired, interests in the oil does not change the result.

SJGK Defendants next assert Defendants Skyline and Riverhead "have not requested" a possessory interest in the oil. These allegations are troubling, because even a cursory reading of the submitted papers in this case reveals quite the opposite. For example, Defendant Riverhead's answer to Plaintiff's interpleader complaint states that SJGK Defendants "transferred title to the oil at issue to Defendant Riverhead," *see* Dkt. # 4, p. 4, and further requests that "this Court enter an Order declaring Defendant Riverhead is the owner of the oil is dispute . . . ," *see id.* at p. 5. Likewise, Defendant Skyline's amended responsive pleadings allege that it (*i.e.*, Skyline) "purchased oil" from SJGK Defendants, demand that Plaintiff "turn such oil over" to Defendant Skyline, and request that the Court enter a "declaratory judgment" in its favor regarding the oil. *See* Dkt. # 29, p. 3, 17–18. SJGK Defendants' argument on this issue is thus without merit.

Finally, SJGK Defendants claim that Plaintiff's interpleader action must fail because Defendant Skyline has filed a countercomplaint against Plaintiff alleging various tort claims. SJGK Defendants

point to—and the Court can locate—no legal authority that supports that proposition.  As such, the Court rejects this theory.

In the end, the Court finds that SJGK Defendants have failed to submit sufficient evidence at the summary judgment stage to warrant dismissal of Plaintiff's interpleader complaint.  The Court therefore denies SJGK Defendants' Motion for Summary Judgment regarding the claims of Plaintiff [dkt 61].

## D. DEFENDANT RIVERHEAD'S MOTION FOR SUMMARY JUDGMENT

On or about December 7, 2010, Defendant Riverhead alleges that it entered into an oil purchase agreement with SJGK Defendants.  Attached to its motion are two letters and a purchase contract signed by SJGK Defendants' principal Tom Abraham that purportedly evidence the sale of oil to Defendant Riverhead.[5]  Under the terms of the contract, Defendant Riverhead was purchasing 2,459,000 gallons of oil at a price of $3,008,920.00.  Neither Defendant Riverhead nor SJGK Defendants dispute that only a $500,000.00 deposit was tendered.  Defendant Riverhead claims that its bank had "concerns" and would not authorize a wire transfer of the remaining purchase price.  Nonetheless, Defendant Riverhead asserts that it is entitled to 919,000 gallons of the oil based on the $500,000.00 deposit received by SJGK Defendants.  And, because SJGK Defendants forfeited any rights to the oil by breaching the Lease and Settlement Agreement with Plaintiff, Defendant Riverhead asserts that it enjoys an interest in the oil.

In response, SJGK Defendants argue that Defendant Riverhead first breached the purchase contract by failing to issue an initial payment of $529,920.00.  As mentioned, SJGK Defendants acknowledged receipt of the $500,000.00 deposit but claim the parties' agreed-upon first payment required Defendant Riverhead to pay an additional $29,920.00.  Defendant Riverhead further breached the contract, SJGK Defendants contend, because Defendant Riverhead did not deliver an "irrevocable conditional payment instrument" to SJGK Defendants as called for in the contract.

---

[5] The purchase contract is not signed by a representative of Defendant Riverhead.

In similar theme, the Court finds that the existence of genuine issues of material fact prevent granting summary judgment in Defendant Riverhead's favor. SJGK Defendants have combatted Defendant Riverhead's motion with evidence supporting the notion that Defendant Riverhead first breached the parties' oil purchase agreement. Importantly, if SJGK Defendants are able to prove that Defendant Riverhead is the breaching party, it would cast considerable doubt on Defendant Riverhead's claimed interest in the oil. As such, the Court denies Defendant Riverhead's Motion for Summary Judgment [dkt 64].

## E. SJGK DEFENDANTS' MOTION TO RELEASE STORED OIL

SJGK Defendants seek an order from this Court releasing the stored oil to their possession [dkt 75]. The Court has thoroughly reviewed the motion and finds the arguments contained therein mirror the arguments SJGK Defendants offer in their other pending motions resolved above. *See* Dkt. #'s 60, 61, 63. Accordingly, SJGK Defendants' motion to release the stored oil is denied for the same reasons—namely, because there are genuine issues as to ownership of the stored oil.

## V. CONCLUSION

The Court finds that all parties have failed to submit evidence that would establish, for summary judgment purposes, sole ownership of the oil at issue here. Accordingly, there are genuine issues of material fact that remain outstanding for trial.

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that Defendants S & J Management, Inc., SJGK, LLC, Ken Grant and Tom Abraham's Motion for Summary Judgment regarding the claims of Defendant Riverhead Advisors LTD [dkt 60] is DENIED; Defendants S & J Management, Inc., SJGK, LLC, Ken Grant and Tom Abraham's Motion for Summary Judgment regarding the claims of Plaintiff EnviroSolids, LLC [dkt 61] is DENIED; Defendants S & J Management, Inc., SJGK, LLC, Ken Grant and Tom Abraham's Motion for Summary Judgment regarding Defendant

Skyline Aviation, Inc.'s Cross-Claim [dkt 63] is DENIED as moot; Defendant Riverhead Advisors LTD's Motion for Summary Judgment [dkt 64] is DENIED; and Defendants S & J Management, Inc., SJGK, LLC, Ken Grant and Tom Abraham's Motion to Release Stored Oil [dkt 75] is DENIED.

IT IS FURTHER ORDERED that Plaintiff is required to file with the Court Certificates of Service of the interpleader complaint on Defendant EM Productions, LLC, and M&A Traders in this case by 5:00 p.m. on Wednesday, March 5, 2014.  Failure to do so may result in the imposition of sanctions.

IT IS FURTHER ORDERED that all parties are to appear for a Final Pretrial/Settlement Conference on APRIL 17, 2014, at 10:00 A.M., at 526 Water Street, Port Huron, Michigan.  All counsel must be present, as well as the clients and/or those with full authority to engage in settlement discussions. The parties are to comply with all the rules and procedures set forth in the Scheduling Order, which includes bringing to the conference the joint final pretrial order and proposed findings of fact and conclusions of law.

IT IS SO ORDERED.

Date:  February 28, 2014                              s/Lawrence P. Zatkoff
                                                      Hon. Lawrence P. Zatkoff
                                                      U.S. District Judge